IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA

vs.                                                              3:06CV315/RV/MD

ORLANDO BETHEL,
GLYNIS BETHEL,
        Defendants.

## REPORT AND RECOMMENDATION

      This matter is before the court upon a Notice and Petition of chapter 89 Jurisdiction and Venue Federal Civil Judicial Procedures and Rules Removal Pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1443(1) and 28 U.S.C. 1443(2) filed by Orlando Bethel and Glynis Bethel. Defendants seek to remove state court proceedings against them in which they are charged with six counts of child abuse and child neglect. (See Amended information dated May 24, 2006). The state court record reflects that the original information in this case was filed on October 17, 2005. The defendants waived arraignment and entered a plea of not guilty on October 21, 2005. This notice of removal was filed on July 19, 2006. It was not accompanied by the $350.00 filing fee or a proper motion to proceed *in forma pauperis*. However, because this case should be remanded to state court, the court will not require the parties, who have proceeded *in forma pauperis* in other cases currently pending before this court,[1] to submit such a motion.

      Title 28 U.S.C. § 1446(c)(1) provides that:

---

[1] See, e.g., case no: 3:05cv376/MD, 3:06cv70/RV/EMT, and 3:06cv189/RS/MD.

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

Defendants have not requested leave to file the notice "at a later time." Hence, their notice is untimely, and the case is due to be remanded. See *United States v. Drew*, 134 Fed. Appx. 753, 2005 WL 1457760 (5th Cir. 2005); *Bowen v. State of North Carolina*, 194 F.3d 1303, 1999 WL 757134 (4th Cir. 1999); *State v. Haws*, 131 F.3d 1205 (7th Cir. 1997); *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); *Butler v. King*, 781 F.2d 486 (5th Cir. 1986).

In addition, title 28 U.S.C. § 1443 upon which they premise their removal, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race, and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law. *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) *(citing Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621, 99 S.Ct. 1905, 1917-18, 60 L.Ed.2d 508 (1979)); *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct 1591 (1975). Although it appears from the attachments to the petition for removal that the defendants are African-American, race is not the basis for, or even mentioned in, the petition itself, so the removal statute does not apply. *Id.*

Based on the foregoing, it is respectfully RECOMMENDED:

The petition for removal (doc. 1) be denied and this case be remanded to state court.

At Pensacola, Florida, this 21st day of July, 2006.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).