**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STATE OF FLORIDA,

v.                                                        Case No.: 3:06cv315/RV/MD

ORLANDO BETHEL,
GLYNIS BETHEL, *pro se*,

        Defendants.

_____/

<u>**ORDER**</u>

       Defendants, appearing in this case *pro se*, have filed a petition to remove to this federal Court a criminal action pending against them in Florida state court (Doc. 1). On July 21, 2006, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Defendants' petition be denied (Doc. 2). I agree with the ultimate conclusion reached by the Magistrate Judge; however, due in part to various pleadings Defendants filed after and in response to the Report, I reach this result for somewhat different reasons. Subject to the following, the Report is adopted and incorporated by reference in this Order.

**I. <u>Background</u>**

       On September 29, 2005, Defendants and their minor children (self-described in their filings as "Religious fire and Brimstone preachers"), were preaching and asking for donations while standing in and around the intersection of Massachusetts Avenue and Pace Boulevard in Pensacola, Florida. The minor children were, allegedly, walking

Case No.: 3:06-CV-315/RV/MD

in and out of the traffic and not wearing orange reflective vests, as is required under Escambia County ordinance. The police were called and they reported to the scene; after a verbal altercation on the side of the road, Defendants were arrested. The State later charged them with six counts of child abuse and child neglect. Defendants were arraigned, on October 21, 2005, and trial is scheduled for October 3, 2006.

Approximately nine months after their arraignment in state court, on July 19, 2006, Defendants filed a petition to have the criminal case removed to federal court. As the Magistrate Judge properly observed, Defendants --- who are racially black Americans--- did not contend anywhere in the petition itself that removal was based on claims of race discrimination; instead, Defendants sought removal on the ground that the "malicious prosecution" denied them their Constitutional rights to exercise their religious beliefs and to equal protection (see generally Doc. 1).

The Magistrate Judge recommended that Defendants' petition be denied for two reasons: (i) the petition was untimely (and Defendants had not requested leave to file "at a later time"), and (ii) the petition did not allege the deprivation of a civil right stated in terms of racial equality. Defendants timely filed objections to the Report, arguing that the criminal prosecution was, in fact, based on racial inequality and unlawful discrimination (Doc. 3). I have fully considered their objections. Defendants also filed a motion requesting permission to file a certificate of service signifying that the State was served with the original petition for removal (Doc. 4).[1] And thirdly, Defendants filed a motion seeking leave to file their petition for removal "at a later time" (Doc. 5). The State has not yet filed a response in connection with this case.

---

[1]With this motion, Defendants "ask this Court to reverse the Magistrate's Report and Recommendation addressing that the Defendants did not file a 'Certificate of Service' on the State of Florida for their Notice of Removal" (Doc. 4 at p. 1). However, the Report does not mention anything about service (or lack thereof) on the State.

Case No.: 3:06-CV-315/RV/MD

## II. Discussion

Various kinds of actions filed in state court --- including certain state criminal prosecutions --- are removable to federal court. However, federal courts are courts of limited jurisdiction. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). Because removal jurisdiction raises significant federalism concerns, federal courts must construe removal statutes strictly and resolve all doubts about jurisdiction in favor of remand to the state court. See id.; Miedema v. Maytag Corp., 450 F.3d 1322, 1328-329 (11th Cir. 2006) (citing cases). With the preceding in mind, under 28 U.S.C. § 1446(c)(4), I must "promptly" review Defendants' removal petition. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. This initial screening must be done even though the State has not responded to Defendants' petition. Iowa v. Johnson, 976 F. Supp. 812, 813 (N.D. Iowa 1997).

I find there are several reasons, clearly apparent on the face of the notice and supporting documentation filed by Defendants, why summary remand is appropriate in this case. First, as recognized by the Magistrate Judge, the petition was untimely. Title 28 U.S.C. § 1446(c)(1) provides unambiguously that the "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." Defendants in this case did not file their notice of removal until nine months after the arraignment, well outside the thirty-day window. The removal petition, therefore, must be rejected as time-barred unless "good cause [is] shown" for the late-filing. See 28 U.S.C. § 1446 (c)(1).

Defendants filed a motion *subsequent* to their petition, requesting leave to file untimely (Doc. 5). In their motion, Defendants argue they did not know about the 30-

day requirement as they are "obviously Attorney Pro Se litigants" and, consequently, they should be given the "chance to correct any oversight." Defendants' request must be denied for two reasons. First of all, Defendants were required to seek leave to file out of time *before* they filed their petition, not after. See Johnson, *supra*, 976 F. Supp. at 815-16; cf. Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir.), *cert. denied*, 510 U.S. 871, 114 S. Ct. 200, 126 L. Ed. 2d 157 (1993) ("section 1446(c)(1) prohibits a late filing unless the federal court *first* grants the petitioner leave *after* the petitioner establishes 'good cause'") (emphasis supplied). Further, even if I were to overlook this procedural oversight, and treat Defendants' motion as if it had been filed in the proper sequence, relief would still be unavailable because Defendants have not shown "good cause." Stated simply, their *pro se* status does not, by itself, excuse them from the "timeliness requirement" under §1446(c)(1). See Johnson, *supra*, 976 F. Supp. at 815-16 (citing cases); see also Brady v. Hallmark Development Co., 2004 WL 729113, at *4 (S.D. Iowa Mar. 19, 2004) (claim that defendant should be excused for late-filed petition because he was *pro se* fell "far short" of showing good cause).

In any event, summary remand would be appropriate in this case even if I were to consider the petition on the merits. Removal is available for a criminal prosecution brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[2] The Supreme Court of the United States has articulated a two-prong test which a removal petition filed under § 1443 must satisfy. First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for specific civil rights stated in

---

[2]28 U.S.C. § 1443(2) only applies to "federal officers and those acting under them," Bell v. Taylor, 509 F.2d 808, 809 n.1 (5th Cir. 1975), and is, therefore, not applicable here.

Case No.: 3:06-CV-315/RV/MD

terms of racial equality.'" See Johnson v. Mississippi, 421 U.S. 213, 219-20, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (*quoting* Georgia v. Rachel, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)). Second, a petitioner must show that he has been denied or cannot enforce that right in the state court. Id.; see also Alabama v. Conley, 245 F.3d 1292, 1295-297 (11th Cir. 2001). Assuming *arguendo*, for the reasons set forth in the footnote immediately below, that Defendants satisfy the first prong of this analysis, they clearly fail at the second.[3]

According to Defendants' petition for removal (and attachments thereto), and the arguments contained in their objections to the Report, Defendants maintain the state criminal case was filed against them and is being prosecuted because they are black. In support, Defendants contend that "every governmental official" involved in their case, including the trial judge, is Caucasian or Jewish, and this fact evinces a conspiracy to deprive them of their civil rights. As the Eleventh Circuit has held, however, under the Supreme Court's interpretation of § 1443(1), it is patently insufficient to allege that a petitioner's civil rights have been denied or corrupted in advance of trial, that the charges against him are false, or even that the petitioner is

---

[3]As noted, Defendants have claimed in their petition that the state prosecution denies them of their Constitutional rights to religious expression and equal protection. The former is "race neutral" and plainly does not qualify under § 1443(1). As for the latter, the Eleventh Circuit Court of Appeals has held that "broad assertions under the Equal Protection Clause . . . are insufficient to support a valid claim for removal under § 1443(1)." See Conley, *supra*, 245 F.3d at 1295-296; see also United States ex rel. Sullivan v. Missouri, 588 F.2d 579, 580 (8th Cir. 1978) (per curiam) ("Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights"). Nevertheless, in their objections to the Report, Defendants argue that they "intended to" invoke 18 U.S.C. §§ 242 and 245(b)(2)(B) (both of which are federal statutes that involve racial equality) as the original basis for removal. Because Defendants are *pro se*, I will read their petition for purposes of examining the merits of a § 1443(1) claim as if it properly invoked a federal law providing for civil rights stated in terms of racial equality.

unable to obtain a fair trial in the state court. See Conley, *supra*, 245 F.3d at 1297.

Quoting City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L.

Ed. 2d 944 (1966), the Eleventh Circuit noted:

> The motives of the officers bringing the charges may be
> corrupt, but that does not show that the state trial court
> will find the defendant guilty if he is innocent, or that in any
> other manner the defendant will be 'denied or cannot
> enforce in the courts' of the State any right under a federal
> law providing for equal civil rights. The civil rights removal
> statute does not require and does not permit the judges of
> the federal courts to put their brethren of the state judiciary
> on trial.

Id. at 1297; accord Alabama v. Baker, 222 F. Supp. 2d 1296, 1298 (M.D. Ala. 2002)

(recognizing that general allegations of an unfair or discriminatory prosecution is not

sufficient to warrant removal under Supreme Court and Eleventh Circuit precedent).

As to this issue, Commonwealth of Pennsylvania v. Collins, 1986 WL 1228 (E.D. Pa.

Jan. 29, 1986) is on-point, and I find it persuasive. The defendant in that case was

racially black, and he sought removal to federal court on the grounds that he was

"about to become the victim of a conspiracy between the state trial judge and District

Attorney's Office" to deprive him of his civil rights. The defendant claimed the "entire

course of the criminal prosecution" was fundamentally unfair and, presumably, based

on his race. In rejecting this claim, the district court held:

> For present purposes, it will be assumed that all of
> petitioner's factual assertions are correct, and that the
> upcoming trial of Mr. Collins in the state courts is indeed
> likely to prove fundamentally unfair. Even on that basis,
> however, the case cannot be removed to this court, for the
> rather obvious reason that the state appellate courts stand
> ready, willing and able to rectify any errors which may
> creep into the trial proceeding. Petitioner has not alleged --
> and obviously could not responsibly contend -- that the
> entire judicial system in Pennsylvania is rigged against him

Case No.: 3:06-CV-315/RV/MD

> on racial grounds. What is required for removal is a showing that the petitioner is being "denied or cannot enforce" his civil rights on racial grounds. <u>Georgia v. Rachel</u>, 384 U.S. 780, 788 (1966). This may be satisfied either by the showing "of a discriminatory state enactment [or] if an equivalent basis be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." <u>Id.</u> 384 U.S. at 804. Since petitioner can undoubtedly enforce in the state courts his right to equal treatment under the law, at the appellate level if necessary, removal is not authorized.

<u>Id.</u> at *2; <u>accord</u> <u>Conley</u>, *supra*, 245 F.3d at 1299 n.10 (wherein the Eleventh Circuit stated that allegations of "corrupt" or otherwise improper motives on the part of the prosecution was not enough to warrant removal under § 1443(1); stating there was no showing that petitioner "cannot vindicate his rights in [the state] appellate courts" if necessary).

### III. <u>Conclusion</u>

For the foregoing reasons, Defendants' petition for removal (Doc. 1) is DENIED, and the Clerk is directed to remand this case back to the state court. Consequently, Defendants' motion to submit the certificate of service on the State (Doc. 4), and the motion to file the petition "at a later time" (Doc. 5), must be, and are, DENIED as moot.

DONE and ORDERED this 16th day of August, 2006.

/**s**/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

Case No.: 3:06-CV-315/RV/MD